Reuben TAYLOR, Plaintiff,

v.

A. TAYLOR, Corrine Franklin, Ethel Gingold, and Paul Klincar, Defendants.

No. 83 C 5026.

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1984.

Reuben Taylor, for plaintiff.

Mike Hayes, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Reuben Taylor, a prisoner at Graham Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. He charges the defendants, members of the Illinois Prisoner Review Board, with violation of his constitutional rights in the denial of his application for parole. Defendants have moved for summary judgment on the ground that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. For the reasons set forth below, the Court grants defendants' motion.

The material facts are not in dispute. Plaintiff states that in 1972 he committed the crimes for which he is currently incarcerated. He received concurrent sentences of 150 to 200 years for murder and 20 to 60 years for armed robbery. On June 6, 1983, plaintiff appeared before the Illinois Prisoner Review Board ("Board"), which denied him parole, stating its rationale as follows:

The Prisoner Review Board in considering your particular case for the possibility of parole noted many factors including but not limited to your face to face interview, the documents in your file, the fact that you are serving sentences of 150–200 years for murder, 20–60 years for armed robbery (5cc).

Your "A" grade status is noted, as well as your academic achievements while incarcerated.

However, the Board feels that more time in a structured environment is necessary to ensure your successful reentry into the free society.

Accordingly, we deny.

The Board also indicated that it would next consider plaintiff's application for parole in June, 1984.

■ Plaintiff challenges the Board's ruling on essentially two grounds. Plaintiff's first argument rests upon the Seventh Circuit's decision in *Welsh v. Mizell*, 668 F.2d 328 (7th Cir.), *cert. denied*, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982), *rev'd*, *Heirens v. Mizell*, 729 F.2d 449 (7th Cir. 1984). The *Welsh* court held that application of retributive justice and general deterrence criteria to parole applicants who committed their offenses prior to January 1, 1973, violated the *ex post facto* clause of the Constitution. In the instant case, plaintiff, who committed the crimes for which he is incarcerated prior to January 1, 1973, argues that the Board violated the dictates of *Welsh* by impermissibly relying on general deterrence criteria to deny him parole.

Assuming *arguendo* that the Board considered general deterrence to reach its decision, plaintiff's *ex post facto* argument fails in light of the Seventh Circuit's recent holding in *Heirens v. Mizell*, 729 F.2d 449 (7th Cir.1984). There, the court overruled *Welsh* and held that no *ex post facto* violation occurs where the Illinois Prisoner Review Board applies retributive justice and general deterrence criteria to parole applicants who committed their crimes before 1973.

■ Plaintiffs second contention is that the Board denied him due process by failing to articulate a sufficient statement of

reasons for denying him parole. At the outset, we note that the scope of judicial review of the Board's decision is very narrow. *Heirens*, 729 F.2d at 467. "If the Parole Board cites to facts upon which its reasons for denial of parole can be justified, due process is met." *Id.* In *Walker v. Prisoner Review Board*, 694 F.2d 499 (7th Cir.1982), the court held that an enunciation of the prisoner's three offenses with an indication of the extreme length of the sentences (indicating that the sentencing judge considered the criminal conduct to be particularly heinous) was sufficient to support the Board's conclusion that it would deprecate the seriousness of the offense or cause disrespect for the law to parole the prisoner after thirteen years.

Following the *Walker* court's analysis, approved in *Heirens*, 729 F.2d at 467, we consider the Board's rationale for denying plaintiff parole in the case at bar. The Board's statement refers to plaintiff's conviction of two serious crimes, murder and armed robbery. The sentence of 150 to 200 years for murder together with the 20 to 60 years for armed robbery demonstrate the trial judge's determination that plaintiff's specific conduct was especially heinous and that lengthy incarceration was necessary. Under these circumstances, we believe that the Board was justified in concluding that more than eleven years of confinement was necessary to ensure plaintiff's successful return to the free community. Thus, the Board's rationale for denying plaintiff parole comported with due process requirements.

For the reasons stated herein, the Court grants defendants' motion for summary judgment. It is so ordered.